## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**BRANDI SAVARD**                                             **PLAINTIFF**

**VS.**                 **CIVIL ACTION NO.:** 1:21cv282 LG-RPM

**MIRAMED REVENUE GROUP, LLC**               **DEFENDANT**

---

### CLASS ACTION COMPLAINT – Jury Trial Demanded

---

COMES NOW, the Plaintiff, Brandi Savard, individually and on behalf of all others similarly sitatuated, pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against the Defendants for violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.* (hereinafter "TCPA").

### Parties

1.     Brandi Savard ("Plaintiff" or "Savard") is an adult resident of Jackson County, Mississippi, and is a "Consumer" as defined by the FDCPA.

2.     MiraMed Revenue Group, LLC ("MiraMed") is an Illinois limited liability company, registered to conduct business in the state of Mississippi.

3.     MiraMed may be served with process through its registered agent, C T Corporation System, at 645 Lakeland East Dr, Flowood, MS 39232.

4.     MiraMed is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**Jurisdiction and Venue**

5.      This Court has jurisdiction pursuant to 15 U.S.C. §1692, 27 U.S.C. §447, and 28 U.S.C. §§1331, 1337 and 1367.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**Facts**

7.      The Plaintiff periodically received medical treatment at Biloxi HMA, LLC DBA Merit Health Biloxi ("Merit Health").

8.      At some point after Merit Health performed these services and after the accounts went into default, they were assigned to MiraMed for collection.

9.      On no less than five occasions, the Plaintiff received text messages where the sender identified itself as Miramed.  Each message stated the same identical communication.  A screenshot from the Plaintiff's phone is attached as Exhibit A, showing five identical messages.

10.     Each message stated: "This is Miramed a debt collector for Biloxi Hma Phys Mgmt LLC ref#30211733.Visit mmrgpay.com or call 833-581-0093 Reply STOP to cancel msg & data rates may apply".  Exhibit A.

11.     The text messages did not contain the "mini-Miranda" required by 15 U.S.C. §1692e(11).

12.     The text messages did not contain the 30-day validation notice required by 15 U.S.C. §1692g and no such notice was sent to the Plaintiff within five days of the initial communication.

13.     The text messages did not include the amount of the debt.

- 2 -

14.    On information and belief, Defendant sent the text messages described above to Plaintiff using an "automatic telephone dialing system," as defined in as defined in 47 U.S.C. § 227(a)(1) as indicated by the fact that at least two messages were sent by a short code number - which is a five-digit or six-digit phone number used to send large numbers of text messages nearly autonomously.

15.    On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

16.    Plaintiff did not give Defendant her express consent, invitation, or permission to contact them using an automatic telephone dialing system. In the alternative, any prior express consent, invitation, or permission which Plaintiff may have given Defendant to contact them in this manner was terminated and revoked.

17.    Defendant's text message to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

18.    Defendant's text message to Plaintiff utilizing an automatic telephone dialing system, for non-emergency purposes, and in the absence of Plaintiff's express written consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

19.    In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the TCPA.

20.    As a result of the harassing, misleading, and unfair debt collection activities by MiraMed, Plaintiff has suffered actual damages including attorney's fees and treatment costs related to emotional distress.

## INDIVIDUAL CLAIMS

**Count I: MiraMed Violated the FDCPA, 15 U.S.C. §1692 as to Savard**

21.     All of the foregoing paragraphs are realleged and incorporated herein by this reference.

22.     MiraMed is a Debt Collector as that term is defined by §1692a of the FDCPA.

23.     Savard is a Consumer as defined by §1692a(3) of the FDCPA.

24.     The purported debt owed by Plaintiff to Merit Health Biloxi is a "Debt" as defined by §1692a(4) of the FDCPA because each account is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."

25.     The text messages by MiraMed were attempts to collect that debt.

26.     The actions of MiraMed in failing to disclose the amount of this debt is misleading and in violation of §1692e(2) of the FDCPA.

27.     MiraMed further violated §1692e(11) by failing to include the mini-Miranda warning in the text message.

28.     Under 15 U.S.C. §1692g, debt collectors are required to send a 30-day validation notice, either in the initial communication or within 5 days of same, stating, among other things, that a consumer has a right to dispute the validity of a debt within 30 days of receipt of the initial communication. The validation notice must also state the amount of the debt.

29.     In this case, the initial communication did not contain the 30-day validation notice, and none was sent within 5 days. The initial communication failed to state the amount of the debt.

30.     Accordingly, MiraMed violated 15 U.S.C. §1692g and 15 U.S.C. §1692g(a)(1) by failing to send the 30-day validation notice within five days of its initial communication to the Plaintiff.

31.     MiraMed violated §1692f and §1692f(1) of the FDCPA by attempting to collect on a debt using unfair or unconscionable means.

32.     MiraMed, in violation of nearly every one of their responsibilities under the FDCPA, attempted to collect a debt by sending a text message on a Saturday that did not contain any of the required notices under the FDCPA.

33.     It is unfair and unconscionable for debt collectors like MiraMed to fly in the face of the FDCPA and refuse to inform debtors of their rights under the FDCPA and attempt to collect debts in violation of statutory requirements.

34.     Savard has suffered actual financial damages as a result of MiraMed's violations of the FDCPA including costs associated with attorneys' fees, loss of cell phone data, and loss of cell phone battery life.

35.     Savard has suffered emotional distress as a result of MiraMed's violations of the FDCPA.

36.     As a result of the above violations of the FDCPA, MiraMed is liable to Savard for actual damages, statutory damages up to $1,000.00 to Plaintiff, and attorney's fees pursuant to 15 U.S.C. §1692k.

## Count II: MiraMed Violated the TCPA, 47 U.S.C. §227 as to Savard

37.     All of the foregoing paragraphs are realleged and incorporated herein by this reference.

38.     Text messages are "calls" under the TCPA. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016).

39.     Unlike more conventional communications, text messages, and particularly wireless or mobile spam, can cost their recipients money because cellphone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized or whether they prepay for these plans.

40.     Defendant did not have Plaintiff's prior written authorization to send text messages to Plaintiff's number.

41.     Knowing that it did not have prior expressed consent to send messages to the Plaintiff, Defendant sent text messages to Plaintiff on no less than five occasions.

42.     Defendant willfully and knowingly violated the TCPA implementing regulations, including 47 U.S.C. §227 and 47 C.F.R. § 64.1200(a)(2), each time it sent a text message to Plaintiff's cellular telephone number using an ATDS without Plaintiff's prior express written consent.

43.     By effectuating these unlawful text messages, Defendant caused Plaintiff the very harm that Congress sought to prevent in passing the TCPA—namely, a "nuisance and invasion of privacy."

44.     Defendant's aggravating and annoying text messages trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, and intruded upon Plaintiff's seclusion.

45.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether  they pay in advance or after the minutes are used." In re Rules Implementing the Tel.

Consumer Prot. Act of 1991, 23 FCC Rcd 559 ¶ 7 (Jan. 4, 2008). Defendant's text message calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider. *See i.e., Cranor v. 5 Star Nutrition, L.L.C.,* 998 F.3d 686 (5th Cir. 2021).

46.     As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

47.     In the event that Defendant's actions are found to be willful or knowing, the Court should award treble damages pursuant to 47 U.S.C. § 227(b)(3).

48.     In addition to damages, Plaintiff is entitled to injunctive relief pursuant to 47 U.S.C. § 227(b)(3).

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendants respectfully pray of the Court as follows:

A.     That the Plaintiff recover against MiraMed $1,000.00 in the form of statutory damages for each of Defendants' violations of the FDCPA;

B.     That the Plaintiff recover against MiraMed, a sum to be determined by the Court in the form of actual damages for Defendants' violations of the FDCPA;

C.     That the Plaintiff recover against the Defendant a sum to be determined by the Court in the form of punitive damages awardable under the FDCPA;

D.     That the Plaintiff recover against the Defendant all reasonable legal fees and expenses incurred by their attorney as authorized and required by the FDCPA;

E.     That the Plaintiff recover against Defendant $500.00 in the form of statutory damages for each negligent violation of the TCPA;

F.    That the Plaintiff recover against Defendant $1500.00 in the form of statutory damages for each willful or knowing violation of the TCPA;

G.    That the Plaintiff recover against Defendant, a sum to be determined by the Court in the form of actual damages for Defendant's violations of the TCPA;

H.    That the Plaintiff recover against Defendant all reasonable legal fees and expenses incurred by their attorney as authorized and required by the TCPA; and

I.    That the Plaintiff has such other and further relief as the Court may deem just and proper.

## CLASS ALLEGATIONS

49.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated identified as the "Putative Class."

51.    Putative Class A is defined as follows:

**(a) All natural persons residing in the State of Mississippi who (b) within the one (1) year prior to the filing of the original complaint and during its pendency (c) Defendant sent one or more text messages to that person (d) without including the words "This communication is from a debt collector.  Any information obtained will be used for that purpose." (e) and where Defendant did not - within five days of such communication - provide the notices required by 15 U.S.C. §1692g .**

52.    Putative Class B is defined as follows:

**(a) All natural persons residing in the State of Mississippi (b) to whose cellular telephone number (c) Defendant or anyone acting on its behalf placed a non-emergency text message (d) using substantially the same system(s) used to text Plaintiff (e) within four (4) years of the complaint (f) where Defendant did not have express written consent to send such message.**

53.     Excluded from the Putative Classes are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge and Magistrate Judge to whom this case is assigned, as well as the Judge and Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

54.     Members of the Putative Classes will be identified through discovery of Defendant's business records.

55.     Members of the Putative Classes are not adverse to each other and are entitled to substantially similar damages in the form of statutory damages.

## A.     Numerosity

56.     On information and belief, Defendant sent unauthorized text messages without the 30-day validation notice to at least 40 different Mississippi residents.

57.     On information and belief, Defendant sends hundreds – if not thousands – of similar communications to Mississippi residents.

58.     The exact number of members of the Putative Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

59.     The Defendant's reliance on form messages and automation indicate that several individuals similarly situated to the Plaintiff likely received similar text messages.

## B.     Typicality

60.     Plaintiff's claims are typical of the claims of other members of the Putative Classes.

61.     On information and belief, Defendant's business records will show that it sends text messages to other Mississippi residents in the same manner that it did as to the Plaintiff.

62.     Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to statutory damages as result of Defendant's conduct.

## C.     Commonality and Predominance

63.     There are common questions of fact and law with the claims of Plaintiff and the Putative Classes.

64.     These common questions of fact and law are whether Defendant's communications by text message were unlawful under the FDCPA and TCPA.

65.     These common questions of fact and law are subject to common proof through review of Defendant's business records.

66.     These common questions of fact and law are answerable for the entirety of each Putative Classes.

67.     These common questions of fact and law predominate over any questions that may affect individual members of the Putative Classes.

## D.     Superiority and Manageability

68.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

69.     Joinder of all parties is impracticable.

70.     The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution of Defendant's unlawful collection activities.

71.     Even if individual members of each of the Putative Classes could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and to the courts.

72.     By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

73.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.      Adequate Representation

74.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

75.     Plaintiff has retained counsel competent and experienced in consumer litigation and in class actions.

76.     Plaintiff has no interests antagonistic to those of the Putative Classes, and Defendant has no defenses unique to Plaintiff.

### CLASS CLAIMS FOR RELIEF

### Count III: Defendant Violated the FDCPA, 15 U.S.C. §1692 with Respect to Putative Class A

77.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

78.     Defendant sent text messages to members of the Putative Class A and failed to include the mini-Miranda warning as required by the FDCPA.

79.    Defendant violated 15 U.S.C. §1692e(11) with respect to the Putative Class A by making said communications without the "mini-Miranda".

80.    Members of Putative Class A received correspondence through an unauthorized text message that did not include the mini-Miranda warning.

81.    This communication was an unfair attempt to collect a debt because it failed to indicate that the communication was from a debt collector, and that any information received would be used in connection with the collection of said debt, in violation of the FDCPA.

82.    The Defendant violated 15 U.S.C. §1692f with respect to members of Putative Class A by making unfairly and unconscionably deceptive, false, or misleading representations in connection with the collection of the alleged debt.

83.    Members of Putative Class A will be identified through discovery of Defendant's business records.

84.    Section 1692k of the FDCPA provides:

"any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –
(1)    any actual damage sustained by such person as a result of such failure;
(2)    in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector; and
(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

### Count IV: Defendant Violated the TCPA, 47 U.S.C. 227 as to Members of Putative Class B

85.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

86.     The Defendant sent unauthorized text messages without the express consent of members of Putative Class B.

87.     Defendant's text message to members of Putative Class B utilizing an automatic telephone dialing system, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

88.     Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small.

89.     Management of these claims as a class action is likely to present significantly fewer difficulties than are presented by many class claims because the text messages at issue are all automated and the members of Putative Class B, by definition, did not provide the prior express consent required under the statute and regulations to authorize such text messages to their cellular telephones.

90.     Defendant has acted on grounds generally applicable to each Putative Class thereby making final injunctive relief and corresponding declaratory relief with respect to each Putative Class as a whole appropriate.

91.     As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, each member of Putative Class B is entitled to an award of $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

92.     In the event that Defendant's actions are found to be willful or knowing, the Court should award treble damages pursuant to 47 U.S.C. § 227(b)(3).

93.     In addition to damages, Members of Putative Class B are entitled to injunctive relief pursuant to 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff, on behalf of members of the Putative Classes requests the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiff as the named representative of each class, and the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. Rule 23;

B.     a finding that Defendant violated 15 U.S.C. §§1692e, 1692f, and 1692g with respect to Putative Class A;

C.     an award of such amount as the Court may allow for all members of Putative Class A, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of Defendant;

D.     an award of $500 per violation for each violation of 47 U.S.C. §227 with respect to Putative Class B;

E.     an injunction against Defendant, forcing the Defendant to refrain from further communication through text message to members of Putative Class B;

F.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

G.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Respectfully Submitted,

Brandi Savard
By Counsel:

/s/Michael T. Ramsey_____
Michael T. Ramsey, MSB #104978
SHEEHAN & RAMSEY, PLLC

429 Porter Avenue
Ocean Springs, MS 39564
MS Bar No. 104978
(228) 875-0572 Fax: (228) 875-0895
Mike@sheehanramsey.com